**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

DESSIE JOHNSON, Individually
and as Personal Representative of
the Estate of ERNEST JOHNSON,

     Plaintiff,

v.

R.J. REYNOLDS TOBACCO
COMPANY; PHILIP MORRIS USA
INC.; and LIGGETT GROUP LLC,

     Defendants.

_____/

Case No.:

State Case No.: 2020-CA-000635

**NOTICE OF REMOVAL OF CIVIL ACTION
<u>AND DEMAND FOR JURY TRIAL</u>**

Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, and

Liggett Group LLC (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1331,

1441, and 1446, and with full reservation of defenses, hereby remove this action

from the Circuit Court of the Second Judicial Circuit, Gadsden County, Florida, to

the United States District Court for the Northern District of Florida, Tallahassee

Division. Pursuant to 28 U.S.C. § 1446(a), Defendants state the following as

grounds for removal:

**Procedural Background**

1.      On August 25, 2020, Plaintiff Dessie Johnson filed a lawsuit against Defendants in the Circuit Court of the Second Judicial Circuit, Gadsden County, Florida, alleging both personal injury claims on her own behalf and wrongful death claims on behalf of the Estate of Ernest Johnson that purported to arise under Florida law. The lawsuit is styled as *Dessie Johnson, Individually and as Personal Representative of the Estate of Ernest Johnson v. R.J. Reynolds Tobacco Company; Philip Morris – USA, Inc.; ITG Brands, LLC; Vector Group LTD.; Liggett Group, LLC*, Case No. 2020-CA-000635AXXXXX.

2.      Plaintiff served Defendants[1] with her initial complaint on October 14, 2020.  The initial complaint asserted claims all arising under state law. *See generally* Compl. (Oct. 14, 2020) (Ex. A)

3.      On November 3, 2020, Defendants moved to dismiss Plaintiff's initial Complaint.  Thereafter, the state court ordered Plaintiff to file an amended complaint that addresses the issues Defendants raised in their motion to dismiss.  On March 29, 2022, Plaintiff filed and served Defendants with an Amended Complaint, which, for the first time, alleges a claim that arises under federal law.  True and correct copies

---

[1] As of the date of this Notice of Removal, ITG Brands, LLC and Vector Group LTD have not been served with initial service of process.

of all process, pleadings, and orders served upon Defendants are attached as Exhibit A.

4.     Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action shall be filed within thirty (30) days of a defendant's receipt "of an amended pleading . . . from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

5.     The Amended Complaint filed on March 29, 2022, is the first pleading from which Defendants ascertained that this case has become removable.

6.     Therefore, the deadline for Defendants to file a Notice of Removal is April 28, 2022, and this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

7.     This lawsuit may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c), and is not subject to the one-year limit in § 1446(c)(3)(1), because this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that the matter arises under the laws of the United States.

## Federal Question Jurisdiction

8.     This action is removable pursuant to 28 U.S.C. § 1441(a) because it is within the original jurisdiction of this Court under 28 U.S.C. § 1331, in that it is a civil action involving a claim arising under the laws of the United States.

9.     Plaintiff's action involves a federal question under 28 U.S.C. § 1331 because Count I of her Amended Complaint asserts a claim against Defendants for

violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, *et seq. See* Am. Compl. ¶¶ 138-87 (Ex. A). A claim may be brought in federal court if the claim is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When determining whether a claim arises under federal law, the Court is to "examine the 'well pleaded' allegations of the complaint and ignore the potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A suit arises under the Constitution and laws of the United States if "the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id.* Here, on the face of the Amended Complaint, this action arises under a law of the United States. *See, e.g.*, *Kidwill v. Charlotte Cnty. School Board*, No. 2:07-cv-13-Ftm-34SPC, 2007 WL 9718742, *3 (M.D. Fla. Aug. 24, 2007) (denying motion to remand where federal RICO claim was presented on the face of the complaint). Therefore, removal is proper and appropriate under 28 U.S.C § 1331.

10. Plaintiff's Amended Complaint also alleges additional counts arising under Florida law against Defendants, including negligence (Count II), Strict Liability (Count III), and Negligent Misrepresentation (Concealment) (Count IV). These claims relate to the same alleged conduct and are so related to the federal claim in this action that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Plaintiff's state law claims do not predominate over her federal claims,

and there are no compelling reasons for the Court to decline supplemental jurisdiction. Pursuant to 28 U.S.C. §§ 1367 and 1441(c), this Court has supplemental jurisdiction over Plaintiff's state law claims, and removal of the entire action, including the causes of action alleged under state common law, is appropriate.

## Procedure and Venue

11.     No previous application has been made for the relief requested herein.

12.     Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of this action." This Notice of Removal is filed jointly by Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, and Liggett Group LLC, all of whom consent to removal in this case.

13.     Plaintiff has also named Defendant ITG Brands, LLC ("ITG Brands") and Vector Group LTD ("Vector"), as a defendants in both the initial Complaint and the Amended Complaint. However, no Summonses have been issued by the Clerk of Court, Gadsden County, Florida, for service on ITG Brands or Vector, nor have ITG Brands and Vector been properly served in this case. Because ITG Brands and Vector have not been "properly joined and served" by Plaintiff pursuant to 28 U.S.C. § 1446(b)(2)(A), their joinder or consent in this Notice of Removal is not required.[2]

---

[2] *See Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served."); *see also Estate of Harris v. Standard Guar.*

14.     The United States District Court of the Northern District of Florida is the proper venue in which to file this Notice of Removal under 28 U.S.C. §1446(a) because it is the federal district court that embraces the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, the place where this action was originally filed.  *See* 28 U.S.C. § 89(a); *see also* Local Rule 3.1(A)(3).

15.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2, true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit A.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this case is being served on all parties, and a Notice of Filing of this Notice of Removal will be filed promptly in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida.

17.     By removing this action from state court, Defendants do not admit any of the allegations in Plaintiff's Amended Complaint.

18.     This Notice of Removal is solely for the procedural purpose of removing this case to federal court, and Defendants expressly reserve and preserve

---

*Ins.*, 2:20-CV-00335-AMM, 2020 WL 8174635, at *2 (N.D. Ala. July 15, 2020) ("the removal statute requires consent only from properly served defendants."); *Gardner v. TBO Capital LLC*, 986 F. Supp. 2d 1324, 1331 (N.D. Ga. 2013) (denying remand because the removal statute does not require the consent of parties not properly served).

any and all legal defenses and bases for dismissal available under Florida and federal law in subsequent proceedings.

19.    Defendants reserve the right to amend or supplement this Notice of Removal.

20.    Defendants request a trial by jury on all issues so triable.

21.    If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present written and oral argument in support of removal.

## Conclusion

WHEREFORE, Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, and Liggett Group LLC hereby give notice of removal of the matter styled as *Dessie Johnson, Individually and as Personal Representative of the Estate of Ernest Johnson v. R.J. Reynolds Tobacco Company, et al.*, No. 2020-CA-000365AXXXXX (Fla. 2d Cir. Ct.) to the United States District Court for the Northern District of Florida.

Dated: April 7, 2022                           Respectfully submitted,

                                               /s/ Ashley P. Hayes
                                               Frank Cruz-Alvarez
                                               Florida Bar No.: 0499803
                                               SHOOK, HARDY & BACON L.L.P.
                                               Citigroup Center, Suite 3200
                                               201 S. Biscayne Boulevard
                                               Miami, Florida  33131

-8-

Telephone:   (305) 358-5171
Facsimile:    (305) 358-7470
SHBPMAttyNonEngle@shb.com
falvarez@shb.com

Ashley P. Hayes
Florida Bar No.:  91483
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, Florida  33602
Telephone:   (813) 202-7100
Facsimile:    (813) 221-8837
SHBPMAttyNonEngle@shb.com
ahayes@shb.com

***Counsel for Philip Morris USA Inc.
(and filing on behalf of R.J. Reynolds
Tobacco Company and Liggett Group
LLC for this filing only)***

-9-

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Service through the CM/ECF E-Filing Portal to all counsel of record registered to receive such service and by Electronic Mail to all counsel on the attached Service List on this 7th day of April, 2022.

*/s/ Ashley P. Hayes*
***Counsel for Philip Morris USA Inc.***

**<u>SERVICE LIST</u>**
*Dessie Johnson v. Philip Morris USA, Inc., et al.*

*Counsel for Plaintiff:*
Richard Collins, Esq.
Collins & Truett Attorneys, P.A.
8333 N.W. 53rd Street – Suite 450
Doral, FL  33166
Dick@CollinsTruett.com

Benjamin L. Crump, Esq.
BEN CRUMP LAW, PLLC
122 South Calhoun Street
Tallahassee, FL  32301
court@bencrump.com

*Counsel for Liggett Group LLC:*
Kelly Anne Luther, Esq.
Maria H. Ruiz, Esq.
Giselle Gonzalez Manseur, Esq.
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida  33131
kluther@kasowitz.com
mruiz@kasowitz.com
gmanseur@kasowitz.com

*Counsel for R.J. Reynolds Tobacco Company:*
Emily Baker, Esq.
Simon P. Hansen, Esq.
JONES DAY
1221 Peachtree St, N.E., Suite 400
Atlanta, GA  30309-3053
ecbaker@jonesday.com
shansen@jonesday.com

Larry Hill, Esq.
Charles Beall, Esq.
MOORE, HILL &
WESTMORELAND, P.A.
350 W. Cedar Street. Suite 100
Pensacola, FL  32502
lhill@mhw-law.com
cbeall@mhw-law.com

-10-